WILTON MANUFACTURING COMPANY, INC., Appellant, Respondent, v. LOUIS BERGER and ISIDOR SAVITZKY, Respondents, Appellants.

First Department, April 8, 1921.

Appeal — judgment in favor of plaintiff on three causes of action and against him on cause of action for same amount on account stated — appeal by plaintiff unnecessary as exception to ruling of court would have been sufficient — sales — time of credit begins to run when goods should have been received — contract for sale on credit — time of credit changed by acts of parties — resale of goods by seller after action commenced — judgment for full amount where sale not pleaded in supplemental answer.

An appeal by the plaintiff is unnecessary and should be dismissed in an action to recover the purchase price of goods where the judgment was in favor of the plaintiff on three causes of action and against him on a cause of action asserted for the same amount as upon an account stated, for an exception to the ruling of the court on the fourth cause of action would have saved the rights of the plaintiff.

Where the buyers refuse to take goods at the agreed time, the credit agreed upon between the parties then begins to run, so that after the term of credit has expired, the seller may insist upon the payment in cash before the delivery of the goods.

The change in the contract for sale, which provided for a credit of seventy days, so as to limit buyers' credit to $500, was acquiesced in by them and the court will follow the construction placed upon the contract by the parties themselves.

While the contract did not contain an agreement that the goods might be held by the seller for the buyers subject to the seller's right to retain them for the purchase price thereof, the subsequent acts of the parties

and the assertion of such right by the seller acquiesced in by the buyers warranted a finding of the existence of such an agreement.

The goods in question having been held until after the buyers had served their answer and then sold, they had the right to plead the sale in a supplemental answer, but as they failed to do so, judgment was rightly entered for the full purchase price, leaving the buyers the right upon the conceded fact of resale to have the amount credited upon any execution.

The seller had the right to make the sale under its vendor's lien and thereafter bring its action for the balance of the purchase price, and the sale, after the commencement of the action to satisfy the vendor's lien, is not a waiver of its right to proceed at least for the balance of the purchase price.

APPEAL by the plaintiff, Wilton Manufacturing Company, Inc., from so much of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of April, 1920, on the decision of the court, rendered after a trial at the New York Trial Term without a jury, as dismisses the plaintiff's fourth cause of action.

Appeal by the defendants, Louis Berger and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of April, 1920, on the decision of the court rendered after a trial at the New York Trial Term without a jury.

*David Paine* of counsel [*White & Case,* attorneys], for the plaintiff.

*David Goldstein* of counsel [*Joseph W. Ferris* with him on the brief; *Goldstein & Goldstein,* attorneys], for the defendants.

SMITH, J.:

The plaintiff sold to the defendants certain cambric and muslin. The original contract provided that the defendants were to have a credit 2/10/60 and the goods were to be delivered by July 1, 1918, as wanted by the defendants. In the contract it was provided: " Delivery of merchandise on this contract subject to the credit limit placed on your account by our Credit Department." Thereafter the credit department

put a $500 credit limit upon the defendants' account. On May 18, 1918, the plaintiff wrote to the defendants that they had one case of thirty-six inches Happy Days muslin ready for delivery, but inasmuch as the amount would exceed $500, the plaintiff asked for a credit in anticipation so that the goods might be shipped at once. Thereafter $1,000 was sent and goods were delivered to the amount of about $1,000. The exact date of the delivery of these goods does not appear, except that the payment seems to have been made upon October thirty-first. Thereafter, and upon December tenth a further payment was made of $500, making $1,500 as the total amount of payments that were made. Goods were delivered to the defendants of the value of $1,500. The balance of the goods was held by the plaintiff subject to a cash payment therefor. This balance amounted to $1,271.98 upon December 11, 1918. The plaintiff claims that these goods were to be demanded before July first and that upon December eleventh when this demand of the balance of $1,271 was made, the seventy days' credit had expired, even if such credit were allowable under the terms of the contract. This suit was brought to recover this $1,271.98, the claim being stated in three causes of action in the complaint. The fourth cause of action was asserted for the same amount as upon an account stated. The trial judge directed judgment for the full amount of $1,271.98, but held that proof had not been made of an account stated. Because of this holding the plaintiff has appealed. The plaintiff's appeal was evidently made to protect his judgment in case the appellate court might deem its proof insufficient under the first three causes of action. Such an appeal was unnecessary in this case, because the plaintiff could have protected its rights by an exception to such ruiling, and the appellate court could have affirmed the judgment if of opinion that a cause of action was established under the fourth cause of action stated. Whether or not this appeal was in any event authorized, it has harmed nothing and is at the most superfluous and the appeal should be dismissed as unnecessary.

Upon the defendants' appeal it is urged, first, that under the seventy days' credit authorized by the contract the time would not commence to run until the actual delivery of the

First Department, April, 1921.        [Vol. 196

goods. Where goods have been agreed to be taken by a certain time and the buyer under the contract has refused to take them at that time, the credit then begins to run, so that after that term of credit has expired, the seller may insist upon payment in cash before the delivery of the goods. It is claimed by the defendants that the provision in the contract authorizing the credit department to limit the amount of credit does not authorize the seller to change the time of credit or the date of delivery, but simply authorizes the seller to refuse to make deliveries to a greater credit than that allowed, unless the purchaser thereafter agrees to pay cash therefor. Whether or not defendants might have renounced their obligations under the contract when a credit limit was named so as to alter the time of payment specified in the contract, they did not do so, but acquiesced in the right of the plaintiff so to alter the terms of credit specified in the contract, and the court should not construe the contract other than as the parties themselves have construed it. It is alleged in the complaint that there was an agreement that the goods might be held by the plaintiff for the defendants subject to the plaintiff's right to retain them for the purchase price thereof, and such an express agreement has been found by the trial court. That agreement was not contained in the original contract, and can only be found by the subsequent acts of the parties as acquiescing in such a claim by the plaintiff, consistently made during the time of the performance of the contract and the defendants in no way protesting against the same. Several letters were written by the plaintiff to the defendants asserting this right under the contract, and at no time did the defendants claim a right to the delivery of the goods, except in conformity with the limitation of credit made by the plaintiff's credit department, and $1,500 at least was paid upon the account without protest against the plaintiff's claimed construction of the contract. From these facts I think that the court was authorized to find that the defendants assented to this construction of the contract by the plaintiff. These goods were held after the last payment and last delivery until May, 1919, and were then sold for the best price that could be obtained therefor by the vendor under its vendor's lien for the purchase price. This sale was made after the answer in the case was served. The court

gave the defendants permission to apply to the Special Term for leave to serve a supplemental answer setting up the fact of the sale and of the amount received thereon, in diminution of the plaintiff's damage, but the defendants refused to avail themselves of the offer and judgment was entered upon the decision of the court for the full amount of the purchase price. I think the court rightly decided that the facts could not be shown except by supplemental answer. The defendants, however, refused to amend for the purpose permitted, asserting that the sale was inconsistent with the plaintiff's holding the goods for the benefit of the purchaser and defeated the plaintiff's right of action entirely. The sale itself, while conceded as a fact, was objected to upon the ground that it was not pleaded. I do not think the defendants may allege the sale as a rescission of the contract. Plaintiff had the right to make the sale under the vendor's lien and thereafter bring its action for the balance of the purchase price, and the sale, after the commencement of the action to satisfy the vendor's lien, is not a waiver of its right to proceed at least for the balance of the purchase price, and if the sale be made after the action be commenced and be not pleaded by the defendants by supplemental answer, judgment may be entered for the full purchase price, leaving to defendants the right upon the conceded facts to have the amount credited upon any execution.

Plaintiff's appeal should be dismissed, with ten dollars costs. Upon defendants' appeal judgment should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Upon defendants' appeal, judgment affirmed, with costs to plaintiff. Plaintiff's appeal dismissed, with ten dollars costs.